**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-02929-RM-STV

JAMES FAIRCLOTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, GOVERNOR OF THE STATE OF COLORADO;
RICK RAEMISCH, CDOC EXEC. DIR.;
CDOC CLINICAL HEALTH SERVICES DIRECTOR SUSAN TIONA;
CDOC CLINICAL HEALTH SERVICES DIRECTOR RENAE JORDAN;
CTCF HEALTH SERVICES ADMINISTRATOR BRIAN HOFFMAN;
DR/NURSE PRACTITIONER WEINPAHL;
DR/NURSE PRACTITIONER WALKER;
DR/NURSE PRACTITIONER CHRISTNER;
CORRECTIONS HEALTH PARTNERS, INC. (CHP)/DIRECTOR OF CHP, INC.;
CDOC ADA CO-ORDINATOR JULIE RUSSELL;
JUDY BREZINDINE, CROWLEY CORR. FAC. H.S.A.;
DR/NURSE PRACTITIONER MR. CABLING;
DAVE BOOTH;
ASSOCIATE DIRECTOR & MEMBERS OF CDOC INFECTIOUS DISEASE COMMITTEE;
and
COLORADO STATE LEGISLATIVE BODY,

    Defendants.

___

# ORDER
___

This matter is before the Court on the September 11, 2017, Recommendation and Order (the "Recommendation") (ECF No. 84) of United States Magistrate Judge Scott T. Varholak to dismiss *sua sponte* Defendants "Associate Director & Members of CDOC Infectious Disease Committee" and "Colorado State Legislative Body" (collectively, the "State Defendants"). The Magistrate Judge recommends the following: (1) to the extent Plaintiff seeks to assert claims against the State Defendants as entities, his claims against them be dismissed as barred by the

Eleventh Amendment; and (2) to the extent Plaintiff seeks to assert claims against the individual members of the State Defendants, his claims against them be dismissed for failure to state a claim.[1]  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation.  (ECF No. 84, pages 7-8.)  Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired.  (*See generally* Dkt.)

The Court concludes that Magistrate Judge Varholak's analysis that dismissal is warranted was thorough and sound, and that there is no clear error on the face of the record.  *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  The Recommendation, however, did not distinguish between dismissals with or without prejudice.  The Court finds it should do so.

Dismissals based on Eleventh Amendment immunity should be without prejudice.  *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).   Dismissals for failure to state a claim in this instance, however, is with prejudice.  *See* Fed. R. Civ. P. 41(b) (with certain exceptions, unless the dismissal order states otherwise, dismissal is on the merits).  Accordingly, the dismissal of the

---

[1] Specifically, the Recommendation found Plaintiff failed to specifically identify those members and what role they played in the alleged misconduct.  (Rec., page 5.)

State Defendants, to the extent they are sued as entities, is without prejudice. The dismissal of the individual members of the State Defendants, however, is with prejudice.[2]

In accordance with the foregoing, the Court:

(1) **ADOPTS** the Magistrate Judge's Recommendation and Order (ECF No. 84) regarding Defendants Associate Director & Members of CDOC Infectious Disease Committee and Colorado State Legislative Body as stated herein;

(2) **DISMISSES without prejudice** Plaintiff's Complaint against the entities Associate Director & Members of CDOC Infectious Disease Committee and Colorado State Legislative Body;

(3) **DISMISSES with prejudice** Plaintiff's Complaint against the individual members of Associate Director & Members of CDOC Infectious Disease Committee and Colorado State Legislative Body; and

(4) **DIRECTS** the Clerk to terminate Defendants Associate Director & Members of CDOC Infectious Disease Committee and Colorado State Legislative Body from this action.

DATED this 7th day of November, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[2] As courts may, but are not required, to raise Eleventh Amendment immunity *sua sponte*, *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008), the Court need not evaluate whether such immunity would apply to any claim against the individual State Defendants in their official capacities.