IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-02929-RM-STV

JAMES FAIRCLOTH,

    Plaintiff,

v.

JOHN HICKENLOOPER,
RICK RAEMISCH,
SUSAN TIONA,
JULIE RUSSELL,
BRIAN HOFFMAN,
MARK WEINPAHL,
GISELA WALKER,
HELENE CHRISTNER,
CORRECTIONS HEALTH PARTNERS, INC. (CHP),
DAVIS BOOTH,
CABLING,
JUDY BREZENDINE, and
RENAE JORDAN,

    Defendants.

---

## ORDER
---

This matter is before the Court on Plaintiff's "Motion for Reconsideration of the Court's Ruling in FRCP 60 Motion" (the "Motion") (ECF No. 165) seeking relief in this case - again. Upon consideration of the Motion, the court record, and the applicable rules and case law, and being otherwise fully advised, the Motion is DENIED.

## I. BACKGROUND

The parties are well versed with the background, so it will not be repeated here. The bottom line is this: Plaintiff sought relief under Fed. R. Civ. P. 59 from an order of dismissal, which this Court denied and the Tenth Circuit affirmed. Thereafter, this Court also denied Plaintiff's request for relief under Fed. R. Civ. P. 60. Plaintiff now seeks reconsideration of the Court's order of denial of his Rule 60 motion.

## II. DISCUSSION

Plaintiff appears *pro se* so the Court construes his filings liberally. *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nonetheless, Plaintiff must comply with the applicable rules and the Court does not act as his advocate. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

The Court has considered Plaintiff's Motion and even assuming, *arguendo*, this successive post-judgment motion and the additional arguments may be permitted under the Federal Rules of Civil Procedure, the Court finds no relief is warranted *under any standard*. *See* Fed. R. Civ. P. 59 & 60. For example, the Court is well aware Plaintiff filed a motion for review of his case as it denied that motion by order dated April 3, 2018. (ECF Nos. 141, 145.) As for any argument of the denial of due process, the Court finds Plaintiff received any process he may have been due in this case. Further, the Court finds no legal or factual basis to support the contention it should have *sua sponte* put this case on an indefinite hold to see if Plaintiff would have been "re-found or captured or turn[ed] himself in" after he escaped. *See* Fed. R. Civ. P. 1 (The federal rules of civil procedure "should be construed, administered, and employed by the

court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")  In summary, Plaintiff fails to show any relief can and may be had.

III. **CONCLUSION**

Based on the foregoing, it is **ORDERED** Plaintiff's "Motion for Reconsideration of the Court's Ruling in FRCP 60 Motion" (ECF No. 165) is DENIED.

DATED this 3rd day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge